UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE : RYAN HUNTER ROMPOLA AND KATHY LYNN ROMPOLA<br>DEBTORS | CASE NO: 25-37815<br><br>CHAPTER 7 |

DEBTORS MOTION TO REOPEN BANKRUPTCY CASE TO DETERMINE DISCHARGEABILITY OF DEBTORS' STUDENT LOANS IN AN ADVERSARY PROCEEDINGS

**This pleading requests relief that may be adverse to your interests.**
**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Southern District of Texas, Houston Division; Bob Casey Federal Building and United States Courthouse; 10501 U.S. Courthouse, 515 Rusk Ave., Houston, TX 77002.**

**If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Ryan Hunter Rompola and Kathy Lynn Rompola (the "Debtors" or "Movants"), and files this Motion to Reopen Bankruptcy Case (the "Motion") pursuant to 11 U.S.C. § 523(a)(8)(B) and Federal Rule of Bankruptcy Procedure 4007(b). The Debtors seek reopening for the limited purpose of permitting this Court

to administer and adjudicate the pending adversary filed. In support, the Debtors respectfully show as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns the administration of the Debtors' bankruptcy case and rights arising under the Bankruptcy Code and is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case was commenced and administered in this Court.

3. The statutory basis for the relief requested is 11 U.S.C. § 350(b), and the procedural basis is Federal Rule of Bankruptcy Procedure 5010.

## II. PROCEDURAL BACKGROUND

4. On December 29, 2025, Ryan Hunter Rompola and Kathy Lynn Rompola filed this case under Chapter 7 of the Bankruptcy Code. The matter was given Case No. 25-37815 and is assigned to the Honorable Marvin Isgur.

5. On May 1, 2026, the Court entered the discharge for both Debtors. Among Ryan Rompola's unsecured debts were student loans owed to the United States Department of Treasury. Altogether, Mr. Rompola's federal student loans were $122,069 at the time of his bankruptcy filing, and they originated over several years, culminating in 2005. Ms. Kathy Rompola also has federal student loans owed to the United States Department of Treasury in the amount of $56,940 and hers originated in the years 2011 – 2014.

6. The bankruptcy case was closed at the same time the discharge was entered, on May 1, 2026 and the Order of Discharge was mailed out on May 3, 2026.

## III. FACTUAL STATEMENTS REGARDING THE ADVERSARY PROCEEDING

7. The combined family income of Ryan and Kathy Rompola does not allow them to

make the size of payment necessary to pay off the loans, some of which are already 21 years old, in the next ten years as that would require estimated payments of $1,295 per month under the standard repayment plan or payments starting at $732 per month but increasing every two years to become $2,197 per month. The Rompola's combined income is below the median for a family of four in this district and they could not afford to pay off the loans while maintaining a minimal standard of living for their family.

8. Both Ryan and Kathy Rompola have strong arguments that they will meet the Brunner test requirements to show that further repayment on the federal student loans would create an undue hardship and in order to get the fresh start from their bankruptcy, their federal student loans should be discharged.

9. Reopening the main bankruptcy case will facilitate the orderly administration and adjudication of the Adversary Proceedings and any relief ancillary thereto. The Debtors do not seek to disturb or revoke the discharge, nor does the Debtor seek general administration beyond the limited purpose stated herein.

## III. Points and Authorities in Support of Motion to Reopen

10. This motion should be granted for the reasons stated above and based on the law governing the reopening of cases to provide relief to the debtor.

11. Courts have long held that a bankruptcy case may be reopened in order that the court may rule on a complaint relating to the Dischargeability of a particular debt under 11 USC §523 under Fed. R. Bankr. P. 4007(b). "A debtor or creditor may file a complaint to determine the dischargeability of a debt. Other than under section 523(c), the complaint may be filed at any time. Thus, there is no deadline to file a dischargeability action except for those filed on the basis of sections 523(a)(2), 523(a)(4), and 523(a)(6)." Shaw v. EduCap, Inc. (In re Shaw), Nos. 08-30319-H3-7, 13-3251, 2015 Bankr. LEXIS 658, at 7 (Bankr. S.D. Tex. Mar. 3, 2015).

12. Section 350(b) provides that a closed bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §

350(b). Rule 5010 further provides that a case may be reopened on motion of the debtor or another party in interest. Fed. R. Bankr. P. 5010.

13. Whether to reopen a bankruptcy case lies within the sound discretion of the bankruptcy court and depends upon the circumstances presented. Cause exists here because the debtors have a right to have the court hear their argument that both of their student loans should be discharged.

14. Reopening will preserve procedural regularity, permit this Court to adjudicate the Adversary Proceedings, and allow the Debtors to obtain any relief to which they may be entitled under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable law.

15. The requested reopening is limited in scope and will not prejudice creditors or other parties in interest. It will maintain the status quo while allowing the pending dispute to proceed in the forum already exercising jurisdiction over the bankruptcy case and the Adversary Proceedings.

16. Accordingly, sufficient cause exists under 11 U.S.C. § 350(b) to reopen Case No. 25-37815 for the limited purpose of administering and adjudicating Adversary Proceedings for each debtor to determine the Dischargeability of their student loans.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Ryan and Kathy Rompola respectfully requests that the Court enter an order:

(i) reopening Bankruptcy Case No. 25-37815 pursuant to 11 U.S.C. § 350(b);

(ii) limiting the reopening to the administration and adjudication of Adversary Proceedings to be filed regarding the discharge of federal student loans and matters directly related thereto;

//

(iii) granting the Debtor such other and further relief, at law or in equity, as the Court deems just and proper.

Respectfully submitted,

Amy Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Phone: (210)294-9273
Filing Email: cpfiling@cimentlawfirm.com

## Certificate of Service

I certify that a true and correct copy of Debtors' Motion To Reopen Bankruptcy Case For The Limited Purpose Of Administering Pending Adversary Proceedings to Determine Dischargeability of Debtors' Student Loans, together with the corresponding proposed order, was served upon all parties entitled to receive notice through the Court's CM/ECF system, PACER, and/or email, as applicable, on this 20th day of October 2026.

Kathy and Ryan Rompola
kathyrompola@gmail.com
122 Blue Leaf Drive
Richmond, TX 77469

United States Department of Education edbknotices@ecmc.org
400 Maryland Avenue SW
Washington D.C. 20202-0001

Christopher R. Murray chris@jonesmurray.com,
crm@trustesolutions.net

US Trustee USTPRegion07.HU.ECF@USDOJ.GOV

_/s/ Amy Beth Clark___